José Francisco Quiñones Mercado, etc., Plaintiff and Appellant, v. Francisco Quiñones, Defendant and Appellee.

No. 9491.—Argued June 3, 1947.—Decided June 25, 1947.

*Faustino R. Aponte* for appellant.   *Francisco González, Jr.* for appellee.

Mr. Justice Todd, Jr. delivered the opinion of the Court.

The minor José Francisco Quiñones is the acknowledged natural son of Francisco Quiñones de la Matta. Alleging that his natural father is insolvent and furthermore, that he is absent from Puerto Rico, the minor, represented by his mother, Petra Mercado, sued his paternal grandfather, Fran-

cisco Quiñones, claiming a weekly allowance of fifteen dollars for his support. The defendant demurred on the ground that the complaint did not state . facts sufficient to constitute a cause of action and the lower court sustained the demurrer and dismissed the complaint. The minor appealed and in his only assignment of error alleges that the trial court erred in sustaining the demurrer and dismissing the complaint.

Section 143 of the Civil Code (1930 ed.) provides: "The following are obliged to support each other, within the full meaning of the preceding Section:

"1. *  *  *  *  *  *  *

"2. *Legitimate* ascendants and descendants.

"3. Parents and legitimatized children and the descendants of the latter.

"4. Parents and illegitimate children, and the legitimate descendants of the latter.[1]

"5. *  *  *  *  *  *  *

(Italics ours.)

■ Although the *legitimate* ascendants and descendants are bound to support each other, this mutual obligation is not imposed by subdivisions 3 and 4 of § 143, *supra,* on the legitimated or illegitimate son with respect to their grandparents. The obligation merely devolves on the parents of said children and on the legitimate descendants of the latter.

■■ The case before us involves an acknowledged natural child contemplated by subdivision 4 of § 143. And although it is true that subdivision 3 of said Section makes the same limitation when referring to a legitimated son [2]

---

[1] Act No. 449 of May 14, 1947 amended subdivisions 3 and 4 of § 143 of the Civil Code thus:

"3. Parents and legitimated children and the legitimate, *natural,* and *illegitimate* descendants of the latter.

"4. Parents and illegitimate children, and the legitimate, *natural* and *illegitimate* descendants of the latter."

This amendment was approved after this case was decided by the lower court.

[2] The Civil Code of Spain used the words "... legitimated by Royal concession."

we should bear in mind that pursuant to § 121 of the same code "legitimatized children shall enjoy the same rights as the legitimate children" and that in Puerto Rico as well as in Spain said children are those who, having the status of natural children, are legitimated by subsequent marriage of their parents (§ 120 of the Civil Code equivalent to § 120 of the Spanish Code) and in Spain also, according to § 122 those legitimated by a subsequent marriage shall enjoy the same rights as legitimate children. In our opinion, therefore, subdivision 3 of § 143, *supra,* is not enforceable in Puerto Rico where there is no other means of legitimation than by subsequent marriage. Here, as well as in Spain, the child legitimated by the subsequent marriage of his parents has all the rights of the legitimate child, among them, to claim support not only from his parents but also, in a proper case, from his ascendants in general.

We have made the preceding statement in order to make clear that the commentaries of Manresa, Sánchez Román, etc., which we shall presently copy, when referring to the legitimation by concession refer to that special form of legitimation existing in Spain and hence the limitation included in subdivision 3 of § 143, *supra.*

Commenting on § 143 of the Spanish Civil Code, equivalent to ours, Manresa says ". . . the Code has limited the obligation to give support with respect to illegitimate children to their parents in the ascendant line, and, therefore, those legitimated by concession and *the acknowledged natural children may not claim it except from the latter, but not from the grandfather or the grandmother.* This is conclusively determined, in relation to the Article under discussion, by the judgment of July 6, 1895, of the Supreme Court. On the other hand, the father is bound to give support, not only to his legitimated or acknowledged son, but also to the legitimate descendants of the latter, but not to the illegitimate, because these may not claim any support from their

grandparents. And since the obligation to give support is, by its nature, mutual, the legitimated or acknowledged child, and his descendants are, in turn, bound to support the parents of the former." (Italics ours.) Manresa, *Comentarios al Código Civil Español*, vol. 1, p. 688 (6th ed. 1943).

To this same effect Sánchez Román, in his work *Derecho Civil*, vol. 5, Part 2, p. 1258, when commenting on subdivisions 3 and 4 of § 143, *supra*, says:

"3d. The parents and children legitimated by royal concession, and the legitimate descendants of the latter, (subd. 3, sec. 143). Since the basis of the paternity is the act of the legitimation by royal concession, the Code imposes on the parents who execute this act, *but not on the ascendants*, the obligation to render support; hence a child legitimated by this means *can not claim support from his grandparents*, but the parents are under the obligation to support not only those children legitimated by royal concession, but also the legitimate descendants of the latter, mutual support being binding on these three groups of persons, within the full meaning of the terms as the same is described in § 142(2).

"4th. Parents and acknowledged natural children and the legitimate children of the latter (subd. 4, sec. 143). This doctrine is established under the same terms as the preceding one, because it deals with children who, being legitimated by royal concession, or acknowledged are necessarily natural children, there arising between them and their parents, the right to claim support (3); this right being extended to the legitimate children of the former; but never to the natural descendants acknowledged by the natural children, because such acknowledgment, being, as it is, a personal act of the one executing it, should not be extended to other persons, such as the parents of the person making the acknowledgment, by imposing on them the obligation to render support, with respect to the natural descendants acknowledged by the natural child of the former." (Italics ours.)

It may seem that the clear and precise language of § 143 would not need further interpretation, however, appellant apparently based his action on the commentary made by Scaevola of this Section, in the sense that:

"*Children legitimated by royal concession and acknowledged natural children.* The same remarks made as to legitimate children are applicable to these. The father or mother who has effected the legitimation or acknowledgment is the person first called upon to fulfill the obligation, and in their default, the obligation shall fall on the ascendants. At first, it does not seem as if the section included these, for its does not mention them; but since it mentions the descendants, and the obligation is mutual, it must necessarily include grandchildren and grandparents. The descendants must be legitimate (and therefore, legitimated by subsequent marriage) with the exception of acknowledged natural children and those legitimated by royal concession." Scaevola, *Comentarios al Código Civil*, volume 3, pp. 214-5.

In our opinion the reasoning set forth by Scaevola does not conform to the language of the Code, inasmuch as the mutual obligation established by the general provision of § 143 necessarily refers to the persons enumerated in each one of these subdivisions. When the lawmaker established the mutual obligation, without any limitation, it provided subdivision 2, which refers, in general terms, to "*legitimate* ascendants and descendants," but in the case of illegitimate children the mutual obligation to support was limited to the three groups of persons mentioned therein, that is: the parents, acknowledged natural children and the legitimate descendants of the latter. This is the conclusion reached by Manresa as well as Sánchez Román, and in our opinion this interpretation is in accordance with the aim pursued by the language of the statute which is no other than the fact that the natural family begins with the natural father, who acknowledges his son and continues in the line of descendants, with the legitimate children of the latter.

The lower court did not err in dismissing the complaint and accordingly the judgment appealed from is affirmed.